# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 23, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | Unpublished |
| JACKILYN DAVIS, | * | |
| Petitioner, | * | No. 20-732V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Stipulation; |
| AND HUMAN SERVICES, | * | Tdap; Guillain-Barre Syndrome |
| | * | ("GBS"). |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Emily Ashe,* Anapol Weiss, Philadelphia, PA, for petitioner.
*Terrence Mangan,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On June 19, 2020, Jackilyn Davis ("petitioner"), filed a petition for compensation under the National Vaccine Injury Program.[2] Petition (ECF No. 1). Petitioner alleges that as a result of the Tdap vaccine on April 20, 2019, she suffered from Guillain-Barre Syndrome ("GBS") and acute inflammatory demyelinating polyneuropathy ("AIDP"). *Id.* at Preamble.

On November 23, 2021, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 34). Respondent denies that the Tdap vaccine is the cause of petitioner's GBS or any other injury or her current condition. *Id.* at ¶ 6. Nevertheless, maintaining their respective positions, the parties now agree that the issues between them shall be settled and that a decision should be entered awarding the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

compensation to the petitioner according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation provides:

**a) A lump sum of $100,000.00 in the form of a check payable to petitioner.**

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the stipulation and this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).