# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 14, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JACKILYN DAVIS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-732V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Emily B. Ashe*, Anapol Weiss, Philadelphia, PA, for Petitioner.
*Terrence K. Mangan, Jr.*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 10, 2022, Jackilyn Davis ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 40). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$38,137.20**.

### I. Procedural History

On June 19, 2020, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of receiving a tetanus-diphtheria-acellular pertussis vaccination on April 20, 2019. *See* Petition (ECF No. 1). On November 23, 2021, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 35).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 10, 2022, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $38,137.20, representing $31,444.00 in attorneys' fees and $6,693.20 in costs. Fees App. at 4. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs related to this litigation. Respondent reacted to the fees motion on June 10, 2022, stating that respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case". Response at 2 (ECF No. 41). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## II. Analysis

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Emily Ashe, $290.00 per hour for work performed in 2019 and $310.00 per hour for work performed in 2020, $330.00 per hour for work performed in 2021, and $350.00 per hour for work performed in 2022; for Ms. Mirian Barish, $380.00 per hour for work performed in 2021 and 2022; and for Mr. Gregory Spizer, $400.00 per hour for work performed in 2020. Fees App. at 15. These rates are consistent with what Ms. Meyers has previously been awarded for her Vaccine Program work, and I find them to be reasonable for his work in the instant case as well.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $31,444.00.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $6,693.20. This amount is comprised of the Court's filing fee postage, acquisition of medical records, and work performed by petitioner's expert, Dr. Frederick Nahm. Petitioner has provided adequate documentation supporting these costs and all appear reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

III. **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $31,444.00 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$31,444.00** |
| | |
| Attorneys' Costs Requested | $6,693.20 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,693.20** |
| | |
| **Total Attorneys' Fees and Costs** | **$38,137.20** |

**Accordingly, I award a lump sum in the amount of $38,137.20, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Ms. Emily Ashe.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).